# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00688-CV

### CFT Clear Finance Technology Corp. d/b/a Clearco d/b/a Clearbanc, Appellant

### v.

### 8Fig, Inc., Appellee

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-24-000252, THE HONORABLE MADELEINE CONNOR, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

8Fig, Inc., a finance technology company headquartered in Austin, sued CFT Clear Finance Technology Corp. d/b/a/ Clearco d/b/a Clearbanc ("Clearco") for conversion. The suit grew out of a dispute concerning both entities' separate purchases of certain future accounts receivable from Anywhere Bikes, LLC ("AWB").[1] Clearco, a company organized under the laws of British Columbia, Canada, filed a special appearance pursuant to Rule 120a of the Texas Rules of Civil Procedure seeking to dismiss 8Fig's claim against it for want of personal jurisdiction. The trial court denied Clearco's special appearance, following which Clearco perfected this interlocutory appeal. Concluding that the trial court lacked personal jurisdiction over Clearco, we will reverse the trial court's order and remand the case to that court with instructions to dismiss 8Fig's action against Clearco.

---

[1] AWB was also named as a defendant in 8Fig's suit.

## FACTUAL AND PROCEDURAL BACKGROUND

Clearco is an entity organized under the laws of British Columbia, Canada. Clearco's website lists its address as 33 Yonge St., Suite 1302, Toronto, Ontario. Clearco provides funds to e-commerce businesses like AWB to pay their invoices and receipts. In turn, the businesses pay Clearco from their future receivables. 8Fig has a similar business model.

Both Clearco and 8Fig entered into contracts with AWB, which is headquartered in Michigan. Under Clearco's contract with AWB, Clearco automatically withdrew funds, via ACH, from AWB's bank account with Macatawa Bank, located in Michigan, to facilitate the payment of amounts owed to Clearco. According to Clearco, AWB defaulted under the Clearco contracts in March 2023, when its automatic payments to Clearco stopped clearing. Clearco filed a UCC-1 Financing Statement with the Michigan Department of State in June 2023.

8Fig's contract with AWB also provided for ACH withdrawals to pay amounts owed to 8Fig. In its petition, 8Fig alleged that AWB had likewise defaulted under the terms of its contract with 8Fig in March 2023. 8Fig had previously filed a UCC-1 Financing Statement in Michigan. A dispute arose between Clearco and 8Fig regarding competing contractual rights to a portion of AWB's future receivables. In January 2024 8Fig filed suit against AWB and Clearco, asserting against Clearco a cause of action for conversion.

In attempting to demonstrate that the court had personal jurisdiction over Clearco, 8Fig's petition alleged that

> [Clearco] is a foreign entity organized under the laws of British Columbia, Canada. Upon information and belief, because Clearco's chief operating officer resides and works primarily from Austin, Texas, Clearco's principal place of business based on the "nerve center" test cannot be readily determined. However, Clearco's principal place of business may well be located in Austin, Texas.

2

8Fig's petition also contained allegations, discussed further below, that Clearco maintained such "continuous and systematic contacts with Texas" as to support personal jurisdiction in Texas.

Clearco's special appearance asserted that the court lacked personal jurisdiction over it. Both Clearco's special appearance and 8Fig's response in opposition to it were accompanied by affidavits and documentary evidence. *See* Tex. R. Civ. P. 120a(3) ("The court shall determine the special appearance on the basis of the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony."). Following a non-evidentiary hearing, the trial court denied Clearco's special appearance. The court did not file findings of fact and conclusions of law. Clearco perfected this interlocutory appeal.

## DISCUSSION

### *Personal-Jurisdiction Review Standard*

"The Texas long arm statute provides for personal jurisdiction that extends to the limits of the United States Constitution, and so federal due process requirements shape the contours of Texas courts' jurisdictional reach." *Searcy v. Parex Res., Inc.*, 496 S.W.3d 58, 66 (Tex. 2016); *see also Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337 (Tex. 2009); *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007). The United States Supreme Court has set forth the limits that due process allows: "[A] tribunal's authority depends on the defendant's having such 'contacts' with the forum State that 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice.'" *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,

3

592 U.S. 351, 358 (2021) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)).

In several recent opinions, the Texas Supreme Court has set forth the framework for determining whether a Texas court has personal jurisdiction over a defendant that is or claims to be a nonresident. For the sake of simplicity, we quote at length from one of those opinions:

Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law that we review de novo. When . . . the trial court did not issue findings of fact and conclusions of law, all relevant facts that are necessary to support the judgment and supported by evidence are implied. When jurisdictional facts are undisputed, whether those facts establish jurisdiction is a question of law. . . .

Texas courts may exercise personal jurisdiction over a nonresident if (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees. . . .

To establish personal jurisdiction over a nonresident, federal due process requires that the nonresident must have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. A defendant establishes minimum contacts with a state when it purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. Thus, the defendant's activities must justify a conclusion that the defendant could reasonably anticipate being called into a Texas court. We consider three factors in determining whether a defendant purposefully availed itself of the privilege of conducting activities in Texas:

First, only the defendant's contacts with the forum are relevant, not the unilateral activity of another party or a third person. Second, the contacts relied upon must be purposeful rather than random, fortuitous, or attenuated . . . . Finally, the defendant must seek some benefit, advantage or profit by availing itself of the jurisdiction.

A defendant's contacts may give rise to general or specific jurisdiction. General jurisdiction is established by continuous and systematic contacts with a state, while specific jurisdiction exists when the cause of action arises from or is related to a defendant's purposeful activities in the state. For a Texas court to exercise specific jurisdiction over a defendant, (1) the defendant's contact with Texas must be

4

purposeful, and (2) the cause of action must arise from those contacts. Thus, when analyzing specific jurisdiction, we focus on the relationship between the forum, the defendant, and the litigation.

In a challenge to personal jurisdiction, the plaintiff and the defendant bear shifting burdens of proof. The plaintiff bears the initial burden to plead sufficient allegations to bring the nonresident defendant within the reach of Texas's long-arm statute. Once it has done so, the burden shifts to the defendant to negate all bases of personal jurisdiction alleged by the plaintiff. One way the defendant can meet this burden to negate jurisdiction is by showing that even if the plaintiff's alleged facts are true, the evidence is legally insufficient to establish jurisdiction or that the defendant's contacts with Texas fall short of purposeful availment.

*Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558–59 (Tex. 2018) (citations and internal quotation marks omitted); *see also State v. Volkswagen Aktiengesellschaft*, 669 S.W.3d 399, 412–14 (Tex. 2023); *Luciano v. SprayFoamPolymers.com*, LLC, 625 S.W.3d 1, 7–9 (Tex. 2021); *Searcy*, 496 S.W.3d at 66–72; *Cornerstone Healthcare Grp. Holding, Inc. v. Nautic Mgmt. VI, L.P.*, 493 S.W.3d 65, 70–71 (Tex. 2016); *TV Azteca v. Ruiz*, 490 S.W.3d 29, 36–38 (Tex. 2016).

In the present case, 8Fig pleaded both specific and general jurisdiction as bases for the trial court's personal jurisdiction.

### 1. Specific Jurisdiction

The Texas Supreme Court has recently summarized federal constitutional law relating to specific jurisdiction:

Courts can exert specific jurisdiction over a nonresident defendant when (1) the defendant engages in 'some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum [s]tate' and (2) the plaintiff's claims 'arise out of or relate to' those forum contacts. This kind of personal jurisdiction involves a 'claim-by-claim' analysis that focuses on the relationship between the defendant, the forum state, and the operative facts of the litigation.

*Volkswagen Aktiengesellschaft*, 669 S.W.3d at 412–13 (quoting *Ford Motor Co.*, 592 U.S. at 359 and *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013)) (alteration in original). "A special appearance must be granted when [the] connection [between the "defendant's forum contacts . . . and the operative facts of the litigation"] is "too attenuated to satisfy specific jurisdiction's due-process concerns." *In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 679 (Tex. 2022) (orig. proceeding); *cf. BRP-Rotax GmbH & Co. KG v. Shaik*, No. 23-0756, 2025 WL 1727903, at *1 (Tex. June 20, 2025); *Hyundam Indus. Co., Ltd. v. Swacina*, No. 24-0207, 2025 WL 1717010, at *1 (Tex. June 20, 2025).

As to the first element of the specific-jurisdiction test—whether Clearco had purposefully availed itself of the privilege of conducting activities in Texas—8Fig argues that Clearco's interactive website satisfies this requirement. As to the second element of that test— whether 8Fig's claims "arise out of or relate to" Clearco's contacts with Texas—8Fig argues that the fact that its injury was suffered in Texas, where its headquarters are located, satisfies this requirement.

We address the "arise out of or relate to" element of the test. The facts related to the issue of whether 8Fig's claim against Clearco arose from or was related to Clearco's activities in Texas are undisputed. Accordingly, we treat this issue as a question of law. *See Old Republic*, 549 S.W.3d at 558. 8Fig's sole argument as to this element of the specific-jurisdiction test is that its cause of action arose from or was related to Clearco's activities in Texas because its financial harm was felt at its headquarters in Austin. But numerous courts have held that is not sufficient.

Most notable regarding this issue is the United States Supreme Court's opinion in *Walden v. Fiore*, 571 U.S. 277 (2014). In that case, a Georgia police officer working at an Atlanta airport searched—and seized money from—two Nevada residents before they left on a flight to

6

Las Vegas. The victims of the search later sued the officer in Nevada, arguing that their alleged injury (their inability to use the seized money) occurred in Nevada where they lived, thus supporting specific jurisdiction in Nevada. The Supreme Court rejected this argument:

> *Calder* [*v. Jones*, 465 U.S. 783 (1984),] made clear that mere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.
>
> . . . . Unlike the broad publication of the forum-focused story in *Calder*, the effects of [the Georgia officer's] conduct on [the Nevada residents] are not connected to the forum State in a way that makes those effects a proper basis for jurisdiction.

*Id.* at 290. The Texas Supreme Court has recognized and adopted this view. *See TV Azteca*, 490 S.W.3d at 42.

8Fig's injury-in-Texas argument is unavailing. The relationship between Clearco's activities in Texas and 8Fig's claim against Clearco is too attenuated to support specific jurisdiction. We hold that 8Fig's claim against Clearco did not "arise out of or relate to" Clearco's contacts with the State of Texas. In light of that holding, we need not address the other element of the specific-jurisdiction test, i.e., whether Clearco had engaged in acts by which it purposefully availed itself of the privilege of conducting activities within the state. *See id.* ("For specific-jurisdiction purposes, purposeful availment has no jurisdictional relevance unless the defendant's liability arises from or relates to the forum contacts." (quoting *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 579 (Tex.2007)).

7

## 2. *General jurisdiction*

There are three ways a plaintiff can show general jurisdiction over a foreign corporate defendant. The first two are the most common and significant: "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). A third way, far less common and more demanding, is to show that the corporation's activities in the forum state are so extensive that it is "essentially at home" in that state:

> *Goodyear* and *Daimler* clarified that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler*, 571 U.S. at 127. The "paradigm" forums in which a corporate defendant is "at home," we explained, are the corporation's place of incorporation and its principal place of business. *Daimler*, 571 U.S. at 137; *Goodyear*, 564 U.S. at 924. The exercise of general jurisdiction is not limited to these forums; in an "exceptional case," a corporate defendant's operations in another forum "may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S., at 139, n.19.

*BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017).

### (A) Clearco's Place of Incorporation

In its petition, 8Fig did not deny that Clearco was incorporated in Ontario, Canada. Accordingly, that avenue is not available to show general jurisdiction in Texas.

### (B) Clearco's Principal Place of Business

As noted above, the Texas Supreme Court has explained that the plaintiff and defendant bear shifting burdens of proof in a challenge to personal jurisdiction: "The plaintiff

bears the initial burden to plead sufficient allegations to bring the nonresident defendant within the reach of Texas's long-arm statute. Once it has done so, the burden shifts to the defendant to negate all bases of personal jurisdiction alleged by the plaintiff." *Old Republic*, 549 S.W.3d at 559.

But to satisfy that initial pleading burden, the plaintiff's pleading must affirmatively allege jurisdictional facts. If it does not, the burden does not shift to the defendant. *See, e.g.*, *Borunda v. Free & Sovereign State of Chihuahua*, 658 S.W.3d 850, 862 (Tex. App.—El Paso 2022, no pet.); *Tenace v. Thurman Health Holdings, LLC*, No. 09-21-00199-CV, 2022 WL 2719478, at *6 (Tex. App.—Beaumont July 14, 2022, no pet.) (mem. op.).

As quoted above, 8Fig's petition alleged that

> [Clearco] is a foreign entity organized under the laws of British Columbia, Canada. Upon information and belief, because Clearco's chief operating officer resides and works primarily from Austin, Texas, Clearco's principal place of business based on the "nerve center" test cannot be readily determined. However, Clearco's principal place of business may well be located in Austin, Texas.

This pleading, however, does not constitute an affirmative allegation that Clearco's principal place of business is in Texas. An allegation that the foreign defendant's principal place of business *might* be in Texas is simply not sufficient. Accordingly, the sworn statement by a Clearco representative that its principal place of business is in Toronto, Ontario, Canada was enough to defeat "principal place of business" as an avenue for 8Fig to show that Clearco was subject to personal jurisdiction in Texas.

### (C) "Essentially at Home" in Texas

As stated above, even in the absence of place-of-incorporation or principal-place-of-business as a basis for personal jurisdiction, "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when

9

their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *BNSF Ry.*, 581 U.S. at 413 (quoting *Daimler*, 571 U.S. at 127). The United States Supreme Court has said that it would take an "exceptional case" to meet this test. *See Daimler*, 571 U.S. at 139 n.19. The Texas Supreme Court has emphasized that the test presents a "high bar." *See Searcy v. Parex Res., Inc.*, 496 S.W.3d 58, 72 (Tex. 2016). The Fifth Circuit has stated that "[e]stablishing general jurisdiction is 'difficult' and requires 'extensive contacts between a defendant and a forum.'" *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101–02 (5th Cir. 2018) (quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)).

8Fig argues that five activities by Clearco show that it is "essentially at home" in Texas: (1) Clearco's Chief Operating Officer lives in Austin; (2) Clearco partnered with a Texas company called Cart.com; (3) Clearco has at least one employee and one independent contractor working from home offices in Texas; (4) Clearco has multiple Texas customers; and (5) Clearco has an interactive website used by Texas customers. We will review each of these.

Under the first item on this list, 8Fig presented evidence that Clearco's Chief Operating Officer, Olivier Grinda, lives in Austin. Clearco responded with undisputed evidence that Grinda lives in Texas for approximately seven months out of the year and typically travels to Clearco's Toronto office every three weeks, that he is one of 14 Clearco senior-level managers, and that Clearco has no other employees who live in Texas. Grinda's part-time presence in Texas is thus a weak reed to support a conclusion that Clearco is "essentially at home" in Texas. *See, e.g.*, *Cushman & Wakefield U.S., Inc. v. Sharestates Invs., LLC*, No. 14-22-00155-CV, 2023 WL 4782756, *7 (Tex. App.—Houston [14th Dist.] June 27, 2023, no pet.) (mem. op.) (reversing trial

court's denial of special appearance even though two of foreign corporation's officers, including chief operating officer, lived in Texas).

With regard to Clearco's alleged partnership with Cart.com, federal courts have held that "[c]onducting business with a resident corporation does not make [an entity] subject to general jurisdiction in the state of Texas." *AssetWorks USA, Inc. v. Battelle Mem'l Inst.*, No. 1:23-CV-731-RP, 2023 WL 7106878, at *2 (W.D. Tex. Oct. 23, 2023); *see also Desirous Parties Unlimited, Inc. v. Right Connection, Inc.*, No. CV H-21-0470, 2021 WL 2779313, at *5 (S.D. Tex. July 2, 2021) ("[E]ntering into a contract with a Texas resident and selling services to Texas customers is not enough to establish general jurisdiction.").

Likewise, 8Fig's evidence that Clearco has "at least one employee and one independent contractor working from home offices in Texas" does not add any additional weight to its argument that Clearco is "essentially at home" in Texas.

With regard to 8Fig's assertion that Clearco has "multiple Texas customers," we have already noted above that "selling services to Texas customers is not enough to establish general jurisdiction." *Desirous*, 2021 WL 2779313, at *5. In addition, Clearco presented undisputed evidence that its Texas customers amounted to less than 5% of its global revenue in the last year and a half.

Finally, a nonresident corporation's having an interactive website is, under the evidence presented here, wholly insufficient to support general jurisdiction: "[I]f operating [an interactive] website were enough to subject [a nonresident company] to general jurisdiction in Texas, it would also be enough to render [that company] 'essentially at home' in every forum. Federal courts do not accept this reasoning." *Id.*

8Fig places substantial reliance on *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952). There, the United States Supreme Court affirmed an Ohio court's exercise of personal jurisdiction over a nonresident corporation where the foreign defendant had ceased its operations in the Philippines during World War II and temporarily relocated its offices and files to Ohio. *Perkins*, however, was truly an exceptional case, and the present case does not rise anywhere near that level.

Under the applicable standard of review, we hold that the evidence presented by 8Fig, even considered together, is legally insufficient to support an implied finding that Clearco's contacts with Texas are so substantial, continuous, and systematic as to render it "essentially at home" in the state. This is not the type of "exceptional case" envisioned by the United States Supreme Court. *See BNSF Ry. Co.*, 581 U.S. at 413.

### Rendition or Remand?

In its brief to this Court, 8Fig asks, in the alternative, that we "remand this matter to the Trial Court so that 8Fig may obtain leave to conduct jurisdictional discovery." The Texas Rules of Appellate Procedure, however, require us to render the judgment that the trial court should have rendered unless "the interests of justice require a remand for another trial." Tex. R. App. P. 43.3.

In the trial court, 8Fig asked the court to "continue the hearing on Clearco's Special Appearance and grant 8Fig leave to conduct jurisdictional discovery." Indeed, a substantial portion of the hearing was devoted to 8Fig's request for a continuance.

By proceeding with the hearing, the trial court implicitly overruled the continuance part of 8Fig's request. *See 1001 W. Loop LP v. Boxer Prop. Mgmt. Corp.*, No. 14-23-00120-CV,

2024 WL 3271713, at *6 (Tex. App.—Houston [14th Dist.] July 2, 2024, no pet.) (mem. op.) ("[T]he trial court implicitly denied appellants' motion for continuance when it proceeded with the hearing on [appellee's] motion . . ..").  8Fig has not, however, claimed in this Court that the trial court abused its discretion by doing so.

With respect to 8Fig's request that the trial court grant leave to conduct jurisdictional discovery, the court's decision to proceed with the special-appearance hearing was not an implicit overruling of that request.  The trial court simply took Clearco's special appearance under advisement without addressing 8Fig's request for jurisdictional discovery.  8Fig did not obtain a ruling on its discovery request at the conclusion of the hearing or at any other time. We do not believe that the trial court's eventual denial of Clearco's special appearance constituted an implicit overruling of 8Fig's request for jurisdictional discovery.  Even if it could be so considered, however, 8Fig does not complain in this Court that the trial court abused its discretion by doing so.

Moreover, the Texas Supreme Court has held that "the [jurisdictional] discovery must target evidence that would make a disputed fact 'of consequence in determining' the jurisdictional issue 'more or less probable.'"  *In re Christianson*, 639 S.W.3d at 676.  Although discovery is governed by state law, we note that federal courts have held that a party seeking jurisdictional discovery "must make clear which 'specific facts' he expects discovery to find.  We will not authorize 'a jurisdictional fishing expedition' based on a plaintiff's general averments that more discovery will prove our jurisdiction." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021).  8Fig has not demonstrated that allowing jurisdictional discovery would be "likely to produce the facts needed to withstand" dismissal. *Id.* (quoting *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013)).

13

Under the circumstances presented here, we conclude that 8Fig has not shown that the interests of justice require a remand for jurisdictional discovery. *Cf. FedEx Corp. v. Contreras*, No. 04-19-00757-CV, 2020 WL 4808721, at *9 (Tex. App.—San Antonio Aug. 19, 2020, no pet.) (mem. op.).

## CONCLUSION

Having concluded that the evidence is legally insufficient to support specific or general jurisdiction, including an implied finding that Clearco's contacts with Texas are so continuous and systematic as to render it "essentially at home" in the state, we reverse the trial court's order overruling Clearco's special appearance and remand the case to that court with instructions to dismiss 8Fig's action against Clearco.

_____

J. Woodfin Jones, Justice

Before Chief Justice Byrne, Justices Ellis and Jones*

Reversed and Remanded

Filed: July 2, 2025

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).